Russell Brown
CHAPTER 13 TRUSTEE
3838 N. Central Ave., Ste. 800
Phoenix, Arizona 85012
(602) 277-8996
mail@ch13bk.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re | In Proceedings Under Chapter 13 |
|---|---|
| JONATHAN SHANER | Case No. 2-15-bk-11345-DPC |
| and | |
| HEATHER SHANER, | **ORDER DISMISSING CASE** |
| Debtors. | |

The Trustee having notified the Court that the Debtors failed to comply with the Trustee's Recommendation as required by Local Rule 2084-10, the Court finds cause for the dismissing the case pursuant to 11 U.S.C § 1307(c)(1). The Trustee states that the reason for lodging a dismissal order is:

**Debtors have failed to comply with the Trustee's June 15, 2016 Recommendation on the Third Amended Plan and submit a proposed Stipulated Order of Confirmation by the July 15, 2016 deadline; and are currently $150.00 in plan payment default.**

**NOW, THEREFORE, IT IS ORDERED:**

(A) This case is dismissed and the Clerk of the Court will give notice of the dismissal to all parties in interest;

(B) A motion to reinstate the case may be granted without a hearing if the Trustee approves the proposed reinstatement order. If the Trustee does not approve of reinstatement of the case, the matter may be set for hearing upon the Debtors' motion. The Court may set a hearing on the Debtors' motion to reinstate on the request of an interested party who had joined the Trustee's request for dismissal;

(C) Pursuant to 28 U.S.C. § 586(e)(2), the Trustee shall be paid his percentage fee from all payments received from the Debtors. After payment of the Trustee's percentage fee, subject to the provisions herein, the Trustee will retain the Debtors' funds pending Court approval of the payment of administrative expenses of the Debtors' attorney.

(D) If the Chapter 13 Plan contains an application for payment of administrative expenses and no party in interest filed an objection to the application, then the counsel for the Debtors may lodge an order approving the application within ten days after the Court enters this Dismissal Order. Alternatively, counsel for the Debtors has ten days after the Court enters this Dismissal Order to file and notice out a separate fee application.

(E) The Trustee is to pay from the funds on hand any adequate protection payments previously ordered by the Court. If there is an insufficient amount of funds on hand to pay all allowed administrative expenses and adequate protection payments, then the Trustee shall pay the administrative expenses and adequate protection payment amounts pro rata.

(F) Any remaining funds will be returned to the Debtors.

(G) If the Debtors' attorney fails to timely lodge such Order or file a fee application, the Trustee may pay out the funds according to this Order; and

(H) If the Court has entered a payroll deduction order on one or both of the Debtors' wages, then the Court vacates that order.

THIS ORDER SHALL BE EFFECTIVE UPON THE ENTRY OF THE COURT'S
ELECTRONIC ENDORSEMENT ABOVE

///

///

| | |
|---|---|
| 1  Copy of the proposed Order was mailed<br>    or emailed to the following parties on the date<br>2  of the electronic signature affixed below: | |
| 3  Jonathan and Heather Shaner<br>    4262 E. Terrace Ave.<br>4  Gilbert, AZ 85234<br>    Debtor(s) | Adam Hauf<br>HAUF LAW, PLC<br>Adam@HaufLaw.com<br>Attorney for Debtor |

_____

Scott Lieske, Esq. ABN 16250
Rachel Flinn, Esq. ABN 027000
Staff Attorneys for Chapter 13 Trustee
*SLieske@ch13bk.com*
*Rflinn@ch13bk.com*